## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EAST DIVISION

| | | |
|---|---|---|
| MICHAEL STOKEY | ) | CASE NO.: 5:18-cv-1011 |
| 2431 Mohler Dr NW | ) | |
| North Canton OH 44720 | ) | |
| | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | VERIFIED COMPLAINT |
| | ) | |
| NORTH CANTON CITY SCHOOL | ) | |
| DISTRICT, | ) | JURY TRIAL DEMANDED |
| 525 7th Street, NE | ) | |
| North Canton, OH 44720 | ) | |
| | ) | |
| JEFFREY WENDORF, SUPERINTENDANT, | ) | |
| 1602 Cornerstone St SW | ) | |
| Hartville, OH 44632 | ) | |
| | ) | |
| Defendants. | ) | |

Michael Stokey ("Stokey") sues the North Canton City School District (the "District") and its superintendent Jeffrey Wendorf (the "Wendorf") in his individual capacity under 42 U.S.C. § 1983 in United States District Court Northern District of Ohio (the "Court") for First Amendment retaliation.

## PARTIES

1.      Stokey resides within the jurisdiction of the Northern District of Ohio.  He is married to Kristi Stokey whose son, M.S., a freshman at Hoover High School, is a member of the track and field team (the "Team"). M.S is on the pole vault squad and is currently highly ranked in Ohio.  M.S has trained for the pole vaulting for the last three years, and aspires to compete in college and beyond. He is an honor roll student with no history of punishment or discipline from the District or its athletic programs.

1

2.      The District operates seven schools including Hoover High School. The District's governing body is the North Canton City School District Board of Education (the "Board"), an elected five-member board in charge of appointing the superintendent, setting the District annual budget, and adopting District policies that give the superintendent and subordinate officer's authority to act.

3.      Wendorf is the superintendent of the District, and is in charge of enforcing School Board policies.

## JURISDICTION

4.      The Court has subject matter jurisdiction over this lawsuit because it arises under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C § 1331.

5.      The acts complained of occurred within the Northern District of Ohio, Eastern Division.

## FACTUAL ALLEGATIONS

6.      During the season, the Team's pole vault coach Peter Nupp (the "Coach") told M.S. to practice pole vault jumps in the rain two times. In both instances, M.S. slipped off the pole and injured himself. Due to the injuries, the hazards, and danger, Stokey instructed M.S. to not vault in the rain.

7.      On April 3, 2018, the Coach asked M.S. to vault in the rain and M.S. declined. M.S. was suspended from performing the pole vault in the next track meet on April 5, 2018.

8.      On April 4, 2018, Kristi Stokey sent an email to Head Coach Nick Stroemple (the "Head Coach") inquiring why M.S. was suspended for the April 5, 2018 track meet. *Exhibit 1*. The Head Coach responded that the Team's policy was that if M.S refused to practice pole vault in a given week, then he would be disallowed from participating in a pole vault event

for the track meet that week. *Id.* Kristi Stokey thanked the Head Coach for clarification of the policy. *Id.*

9.      On April 5, 2018, Stokey emailed the Hoover High School Athletic Director, the members of the Board, and Wendorf a proposal to change District policy to prohibit pole vaulting in the rain, and to allow student-athletes to refrain from unsafe activities without punishment. *Exhibit 2*. A Board member advised Stokey to first communicate with the coach, then the athletic director, then the principal, then the superintendent, and finally, if not resolved, to bring the matter up at a Board meeting. *Id.*

10.     On April 6, 2018, Stokey followed that advice by emailing the Head Coach, the athletic director, and the Hoover High School principal.  *Exhibit 3.* They declined to accept or implement Stokey's policy proposals. *Id*. On April 8, 2018, Stokey emailed Wendorf the same policy proposals. On April 12, 2018, Wendorf, Stokey and the athletic director met to discuss the proposals but failed to come to an agreement.

11.     On April 18, 2018, Stokey attended and spoke at a Board meeting about his policy proposals. Stokey explained his reasoning to each member of the Board, but they rejected his policy proposals. On April 19, 2018, Stokey emailed Wendorf  and the Board members stating:

> Just wanted to thank you for your time and for listening to my concerns about pole vault safety. Obviously I'm not happy that all of you agree there's no need for any change. We agree to disagree. I hope there are no hard feelings, I'm just a father trying to protect his kid. *Exhibit 4*.

12.     On April 19, 2018, Wendorf prohibited M.S. from pole vaulting at Hoover High School stating:

> After many written correspondences and face-to-face meetings, you have been very clear on the points you have made, including your continued concern regarding North Canton City School District's pole vault program and your lack of confidence and trust in our

3

pole vault and track coaches. We have thoroughly investigated your allegations and find them to be unsubstantiated. We trust and support our coaches as the only people who will determine athlete participation in competitions.

Due to your concerns and lack of trust in our coaches, your son, [M.S], is restricted from participating in North Canton City School District's pole vault program or using any district pole vault equipment or facilities from this point forward. *Exhibit 5*.

13.     Stokey responded to the letter by asking Wendorf and the members of the Board why his son was being punished for his effort to change District policy. The President of the Board responded to Stokey by stating that he supported Wendorf's decision, and that "as President of the Board, I assure you that we are unified in our support of the Administration regarding this decision." *Exhibit 4*. The Board supported and ratified Wendorf's decision to prohibit M.S. from pole vaulting for Hoover High School because of Stokey's efforts to change District policy.

14.     Since April 19, 2018, M.S. has been prohibited from pole vaulting, and is dropping in the rankings to qualify for the State championship tournament. He wants to pole vault at the following track meets:

   a.  May 4th, 2018 – Jackson Twilight Invite

   b.  May 5th, 2018 – East Canton Relays

   c.  May 9th, 2018 – JV Feds @ GlenOak

   d.  May 11th, 2018 – Federal League @ Perry

   e.  May 16th, 2018 – Districts @ Hoover

   f.  May 18th, 2018 -  Districts @ Hoover

15. Stokey asked District officials to allow his son to pole vault but has been rebuffed each time.

## COUNT ONE – FIRST AMENDMENT RETALIATION

16.     There are three elements to a First Amendment retaliation claim: (1) the plaintiff was engaged in a constitutionally protected activity, (2) the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity, and (3) the adverse action was motivated, at least in part, as a response to the exercise of the plaintiff's constitutional rights. *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580 (6th Cir. 2008).

17.     Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known. A government entity may be held liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *Hilton v. Mish*, No. 16-2741, 2018 WL 300437, at *3 (6th Cir. Jan. 5, 2018).

18.     Stokey was exercising constitutionally protected First Amendment speech by communicating with District officials, Superintendent Wendorf, and the Board regarding his proposed policy changes. He personally contacted or met with the Head Coach, athletic director, principal, and Wendorf about his policy proposals, and participated in the democratic process by speaking at a Board meeting to discuss his proposals. Stokey was respectful throughout, argued for his point of view, and thanked the Board for their time even though they did not agree.

19.     In retaliation for Stokey's effort the change policy, his son was barred from pole vaulting. This sends a message to student-athletes and their parents that if a person questions

a coach or tries to change a District policy, their child may be punished for it. An ordinary person would not speak out knowing there may be adverse consequence for their child at school.  This chills free speech.

20.     Wendorf stated ,and the Board agreed, that the sole reason for M.S.'s punishment was "your [Stokey's] concerns and lack of trust in our coaches." M.S. was not barred from pole vaulting for anything he did--he was a model student and athlete with no prior discipline history. Instead he was barred from pole vaulting in retaliation for Stokey's advocacy for policy changes.

21.     Wendorf is liable for retaliating for Stokey's exercise of protected speech because he violated a clearly established constitutional right of which a reasonable person would have known. As a public official, Wendorf knows that punishing people for engaging in the democratic process through speech violates the United States Constitution. The District is liable because the Board supported and ratified Wendorf's decision.

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants:

    a.  That this Court enjoin the District's retaliation barring M.S. from pole vaulting.

    b.  That this Court award Plaintiff costs and reasonable attorney's fees; and

    c.  And such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/Warner Mendenhall
Warner Mendenhall, 0070165
Logan Trombley, 0096858
Law Offices of Warner Mendenhall
190 N. Union St., Suite 201
Akron, OH 44304
(330) 535-9160; fax (330) 762-9743
warner@warnermendenhall.com
logan@warnermendenhall.com

6